■ Lotte Eisenberger, Inc., Respondent, v L. Andrew Levine et al., Appellants.—In an action to recover a brokerage commission for services rendered in connection with the sale of certain residential property, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 14, 1987, which denied their motion for summary judgment, and granted the plaintiff's cross motion for summary judgment, and (2) a judgment of the same court, entered February 25, 1988, which is in favor of the plaintiff and against them in the principal sum of $21,600.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The appellants executed a contract to purchase certain residential property located in Westchester County from the estate of Herbert Spitz. Thereafter, the appellants, as contract vendees, retained the services of the respondent to assist them

in procuring a buyer for the premises. The appellants and the respondent executed a brokerage agreement drafted by the appellant L. Andrew Levine, who is an attorney, wherein the appellants agreed to pay the respondent a brokerage commission of 6% of the purchase price at the closing. A purchaser for the premises (Martin Spatz) was procured by the respondent, through the efforts of an associate, Jane Saffir. Subsequently, the appellants and the purchaser signed a contract for the sale of the premises. The contract of sale provided, *inter alia*, that "[a]t Seller's option, Purchaser will cooperate with Seller with respect to scheduling the closing date in order that closing with the Estate of Herbert Spitz may be scheduled simultaneously with the closing of title under this contract of sale". However, the appellants' closing with the purchaser Spatz took place several weeks after appellants' closing with the estate. At the closing with Spatz, the appellants refused to pay the respondent the previously agreed commission of $21,600, representing 6% of the purchase price of $360,000. Claiming that the respondent had failed to perform satisfactorily, the appellants offered only $18,000 as compensation for the respondent's services. The respondent refused to accept the lesser amount and, thereafter, commenced the instant action to recover the $21,600.

After discovery, the Supreme Court properly granted the respondent's cross motion for summary judgment. No triable issue of fact exists as to the respondent's claim that the appellants breached the terms of the brokerage commission agreement. Furthermore, no triable issue of fact exists with regard to the affirmative defenses interposed in the appellants' answer. The record clearly refutes the defense that Saffir, the person who actually procured the buyer, was not duly licensed as a real estate broker pursuant to Real Property Law § 440-a. Saffir, an independent contractor, was so licensed and, contrary to appellants' contention, she was not required to obtain an additional license pursuant to Real Property Law § 441-b (2). The latter provision is applicable only if Saffir was an officer of a real estate corporation. Saffir was not a corporate officer. Finally, there is no evidence that the broker's conduct of the subject transaction constituted a breach of fiduciary obligations to the appellants or that the delay of the closing was attributable to any such breach. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.